ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| NOÉ M. VENTURA, INGRID MÉNDEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionario<br><br>v.<br><br>MERCANTIL SAN PATRICIO ASSOCIATES, INC., THYSSENKRUPP ELEVATOR, INC., JOSÉ DUBÓN, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, Y FULANO Y MENGADO DE TAL; ASEGURADORA A; ASEGURADORA B; ASEGURADORA C<br><br>Demandados Demandantes contra Coparte-Recurridos<br><br>THYSSENKRUPP ELEVATOR, INC.<br><br>Demandado<br>Demandado contra Peticionario | **KLCE201801667** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso número:<br>D DP2014-0469<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la jueza Ortiz Flores, el juez Bonilla Ortiz y el juez Marrero Guerrero.[1]

Bonilla Ortiz, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico a 31 de agosto de 2023.

Comparece ante este foro Thyssenkrupp Elevators, Inc. (Thyssenkrupp o "parte peticionaria") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, la cual fue notificada el 8 de agosto de 2017. Mediante esta, el

---

[1] En virtud de la Orden Administrativa OATA-2023-137, se designa al Hon. Ricardo Marrero Guerrero, en sustitución de la Hon. Olga E. Birriel Cardona.

foro primario dio por admitido el Requerimiento de Admisiones y los hechos allí contenidos.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el *certiorari* solicitado.

**I.**

El 17 de junio de 2014, el Sr. Noé M. Ventura Hernández, la Sra. Ingrid Méndez y la Sociedad Legal de Gananciales compuesta por ambos (el señor Ventura o matrimonio Ventura-Méndez), presentaron una *Demanda* sobre daños y perjuicios, en contra de Mercantil San Patricio Associates, Inc., ThyssenKrupp Elevator, Inc., José Dubón, Fulana De Tal y la Sociedad Legal de Gananciales compuesta por ambos, entre otros.[2]

Luego de varias incidencias procesales, el 20 de noviembre de 2015, Mercantil San Patricio Associates, Inc. (Mercantil San Patricio o "parte recurrida") le cursó un *Requerimiento de Admisiones* a la parte peticionaria.[3] Por su parte, ThyssenKrupp, luego de solicitar al foro primario una prórroga, el 10 de diciembre de 2015, presentó su contestación al requerimiento de admisiones.[4]

El 7 de enero de 2016, Mercantil San Patricio cursó una carta a ThyssenKrupp indicándole sus objeciones a las contestaciones del requerimiento de admisiones, debido a que entendieron que ciertos requerimientos no fueron debidamente contestados.[5] En respuesta, la parte peticionaria reiteró algunas de sus contestaciones y posteriormente, presentó una *Contestación Enmendada a*

---

[2] *Demanda*, anejo IV, págs. 22-29 del apéndice del recurso.
[3] *Requerimiento de Admisiones*, anejo IX, págs. 50-58 del apéndice del recurso.
[4] *Moción en Solicitud de Breve Prórroga para Contestar Requerimiento de Admisiones* y Contestación a Requerimiento de Admisiones, anejo X y XI, págs. 59-65 del apéndice del recurso.
[5] Véase, anejo XII, págs. 66-69 del apéndice del recurso.

*Requerimiento de Admisiones*.[6] No obstante, sostuvo que conforme a la Regla 33 de las de Procedimiento Civil, 32 LPRA Ap. V, R.33, no necesitaban explicar un requerimiento al cual solamente negaron.

El 1 de junio de 2016, ThyssenKrupp presentó una *Moción en Solicitud de Remedios Bajo la Regla 34.3 de las de Procedimiento Civil*.[7] Alegó que, la parte recurrida no había cumplido con los requerimientos y su deber de descubrir prueba. Por su parte, Mercantil San Patricio emitió una *Réplica a Moción en Solicitud de Remedios Bajo la Regla 34.3 de las de Procedimiento Civil*.[8] En síntesis, adujo que, le notificaron el 22 de septiembre de 2015 su contestación al interrogatorio y requerimiento de producción de documentos junto con sus respectivos anejos. A su vez, le solicitó al foro primario que diera por admitidos todos los requerimientos de admisiones que fueron objetados por ellos, y no habían sido debidamente contestados.

El 23 de junio de 2016, la parte peticionaria se opuso a la solicitud de Mercantil San Patricio.[9] En lo pertinente a la controversia, alegó que, la parte recurrida guardó silencio y no cuestionaron mediante moción la suficiencia de las contestaciones. Por consiguiente, estaba impedida de determinar que las contestaciones al Requerimiento de Admisiones no cumplían con la Regla 33 de las de Procedimiento Civil,

---

[6] *Contestación Enmendada a Requerimiento de Admisiones*, anejo XIV, págs. 71-72 del apéndice del recurso
[7] *Moción en Solicitud de Remedios Bajo la Regla 34.3 de las de Procedimiento Civil*, anejo XVI, págs. 74-75 del apéndice del recurso.
[8] *Réplica a Moción en Solicitud de Remedios Bajo la Regla 34.3 de las de Procedimiento Civil,* anejo XVII, págs. 76-80 del apéndice del recurso.
[9] *Réplica a Oposición a Moción en Solicitud de Remedios Bajo la Regla 34.3 de las de Procedimiento Civil […]*, anejo XVIII, págs. 81-85 del apéndice del recurso.

*supra*, y querer solicitar se dieran por admitidos los requerimientos de admisiones.

Así las cosas, luego de varias incidencias procesales, siendo notificada el 8 de junio de 2017, el foro primario emitió una *Orden*, mediante la cual "da por admitido el Requerimiento de Admisiones y los hechos allí contenidos."[10]

Insatisfecho, el 16 de agosto de 2017, ThyssenKrupp solicitó *Reconsideración*.[11] El Tribunal de Primera Instancia, por su parte, notificó una *Resolución* el 29 de octubre de 2018, en virtud de la cual declaró no ha lugar a la solicitud de reconsideración.[12] Señaló que, los argumentos que presentó la parte peticionaria son los mismos que ha presentado en mociones pasadas, y los cuales el tribunal evaluó al dictar la *Orden*.

En desacuerdo, el 28 de noviembre de 2018, ThyssenKrupp presentó la *Petición de Certiorari* que nos ocupa. Mediante esta, adujo que el foro primario cometió el siguiente error:

> Erró el TPI al dar por admitido el "Requerimiento de Admisiones y los hechos allí contenidos" que las Partes Codemandadas y Demandantes contra Coparte le cursaron a ThyssenKrupp, a pesar de que estos requerimientos:
> a) fueron contestados oportuna y adecuadamente por ThyssenKrupp;
> b) inciden sobre las controversias medulares entre las partes codemandadas;
> c) contienen unos hechos que no se sostienen en la prueba documental que obra en el expediente; y
> d) algunos de ellos no son susceptibles de ser admitidos por tratarse de preguntas en lugar de aseveraciones de hechos.

---

[10] *Orden*, anejo I, págs. 1-2 del apéndice del recurso.
[11] *Moción en Solicitud de Reconsideración*, anejo II, págs. 3-12 del apéndice del recurso.
[12] *Resolución*, anejo III, págs. 13-21b del apéndice del recurso.

Por su parte, el 27 de abril de 2022, Mercantil San Patricio presentó su *Alegato en Oposición a Expedición del Auto de Certiorari*. En síntesis, alegó que la parte peticionaria no demostró que el foro primario haya abusado de su discreción o que haya mediado prejuicio, parcialidad o incurrido en error manifiesto al aplicar el derecho sustantivo.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo". Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de

sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

-**B**-

Nuestro Tribunal Supremo ha sido enfático en que los foros revisores "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Álvarez v. Rivera*, 165 DPR 1, 25 (2005). Sin embargo, es preciso reseñar que nuestro más Alto Foro también ha reconocido que "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). A tales efectos, ha manifestado considerar "que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". SLG *Zapata-Rivera v. J.F. Montalvo*, supra, págs. 434-435.

Así, el Tribunal Supremo define el concepto de "discreción" como "una forma de razonabilidad aplicada

al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012), citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009), entre otros. De esa manera, la discreción se nutre de "un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia […]". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).

### III.

En virtud de la Regla 52.1 de Procedimiento Civil, *supra*, la *Resolución* recurrida es susceptible de revisión por parte de este foro. Ello, por tratarse de una *Orden* emitida por el foro primario en un caso de daños y perjuicios, debido a que, la parte peticionaria alega que el foro primario incidió al admitir el Requerimiento de Admisiones y los hechos allí contenidos.

Luego de revisar el expediente ante nuestra consideración, concluimos que en este caso no se justifica nuestra intervención con el dictamen recurrido. En el caso de autos, ThyssenKrupp no demostró que el foro primario haya incurrido en abuso de discreción o mediado en prejuicio, parcialidad, o error craso o manifiesto.

Recalcamos que, según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que manejan los casos ante su consideración. Por lo tanto, como bien lo ha interpretado nuestro Tribunal Supremo, la discreción a la hora de actuar debe estar regida por su estrecha relación con el concepto de razonabilidad. Así

las cosas, a base de un análisis cuidadoso de la totalidad del expediente apelativo, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, a la luz de la totalidad de las circunstancias. Así, consideramos que el proceder del foro primario tampoco es contrario a derecho. Consecuentemente, procede denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, se **DENIEGA** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
